IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-04187-CV-C-NKL |
| ) | |
| ADVANCE AMERICA, CASH ) | |
| ADVANCE CENTERS OF MISSOURI, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Advance America, Cash Advance Centers of Missouri, Inc.'s ("Advance America") Motion to Transfer Venue [Doc. # 9]. For the reasons set forth below, the Court grants Advance America's Motion.

**I.      Background**

The parties' dispute arises from various consumer loan agreements ("agreements") between Cynthia Williams ("Williams") and Advance America, a payday lender which Williams alleges violated various Missouri statutes regulating lending and interest practices. Williams resides and entered into the agreements with Advance America in St. Louis County within the jurisdiction of the United States District Court for the Eastern District of Missouri but filed her original petition in Cole County, within the jurisdiction of the United States District Court for the Western District of Missouri, although the petition itself stated that venue was proper in St. Louis County. (Compl. ¶¶ 28-30).

1

Advance America subsequently removed Williams's Complaint to this Court and now moves the Court to transfer this action to the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1404(a).

According to Advance America, all of the relevant documents as well as its witnesses will be available in St. Louis County or in Spartanburg, South Carolina. Williams's counsel is also located in St. Louis, Missouri. (Monson Decl. ¶ 4). Williams responds that she 1) represents a putative class action which will necessitate gathering witnesses and evidence from across Missouri, and 2) alleges violation of new Missouri statutes which will require the deposition of state officials located in Jefferson City, Cole County, Missouri. (Pl. Brief, 2). Moreover, Williams's counsel will undoubtedly need to depose Advance America's corporate representative and other management in South Carolina which lends no weight to either the Eastern and Western Districts of Missouri.

## II. Discussion

This Court may transfer an action to another district if two requirements have been met. First, the proposed transferee district must be one in which the action "might have been brought." The parties do not dispute that this action could have been commenced in the Eastern District of Missouri. Second, the transfer must be for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts consider the following factors in weighing whether to transfer venue to another district: (1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of

2

process to compel the attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of the courts with the applicable law; and (8) the interests of justice, including the interests of trial efficiency. *Goggins v. Alliance Capital Management, L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003). When engaging in venue-transfer analysis, the "plaintiff's choice of proper forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 927 (W.D. Mo. 1985).

The Court finds that (1) Williams's choice of forum is the Western District of Missouri; (2) the locus of the operative facts is in the Eastern District of Missouri; (3) the convenience and relative means of the parties is balanced as Williams's counsel is located in St. Louis while Advance America's counsel is located in Kansas City, with Cole County at the center; (4) the Eastern District of Missouri is preferable for the convenience of the witnesses; (5) either Court is capable of compelling the attendance of witnesses; (6) the physical evidence is located in the Eastern District of Missouri; (7) both courts are familiar with Missouri law; and (8) neither Court is obviously preferable for purposes of trial efficiency. After considering the foregoing factors, the Court finds that transfer of this case is in the best interests of the parties and witnesses. Williams's complaint against Advance America involves transactions occurring in St. Louis County and all of the operative facts underlying the dispute occurred in St. Louis County. Moreover, Missouri law will govern Williams's claims.

Almost all of the evidence in this case is located in St. Louis County, including documents that are related to the agreements between Williams and Advance America. Williams points to a general need to depose officials located in Jefferson City and that she will eventually request class certification; both reasons are speculative and the facts currently before the Court clearly weigh in favor of venue in the Eastern District of Missouri, as Williams conceded in her original petition. *See Jones v. Walgreen Co.*, 463 F. Supp.2d 267, 273 (D. Conn. 2006) (transferring case before determining class certification and noting that plaintiff's choice of venue is accorded less weight in putative class actions).

The Court recognizes that considerable deference is to be given to a plaintiff's choice of forum. *Terra International, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *Kansas City Power & Light Co. v. Kansas Gas and Electric Co.*, 747 F. Supp. 567, 573 (W.D. Mo. 1990). However, because all of the actions forming the basis for the present suit occurred outside of this District, Williams's choice of forum is given less weight. *See Spherion Corp. v. Cincinnati Financial Corp.,* 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002).

**III.  Conclusion**

Accordingly, it is hereby

ORDERED that Advance America's Motion to Transfer Venue [Doc. # 9] is GRANTED. This case is TRANSFERRED to the United States District Court for the Eastern District of Missouri.

4

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: November 6, 2007
Jefferson City, Missouri